**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 16, 2013

Lyle W. Cayce
Clerk

No. 12-51120
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PATRICIO CORNEJO-BUEZO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-343-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Patricio Cornejo-Buezo pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 54 months of imprisonment and three years of supervised release. Cornejo-Buezo challenges the substantive reasonableness of his sentence, arguing that his sentence is unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He contends that the illegal reentry Guideline, U.S.S.G. § 2L1.2, is not empirically based and double counts the defendant's criminal history. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the presumption of reasonableness should not apply, but he concedes that his argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), and he raises the argument to preserve it for possible review by the Supreme Court.  He further argues that the guideline range overstated the seriousness of the offense and failed to account for his contention that his reentry for economic reasons was a benign motive.

Because Cornejo-Buezo did not make any objections to his sentence or argue in the district court that his sentence was unreasonable, his arguments are reviewable only for plain error.  *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (requiring objection to substantive unreasonableness of sentence to preserve error).  Cornejo-Buezo acknowledges that his failure to object to his sentence in the district court results in the application of the plain error standard of review; however, he notes that the circuits are divided on whether a failure to object to the reasonableness of the sentence upon its imposition requires plain error review, citing *United States v. Autery*, 555 F.3d 864, 868-71 (9th Cir. 2009) and *United States v. Castro-Juarez*, 425 F.3d 430, 433-34 (7th Cir. 2005), and he seeks to preserve the issue for possible review by the Supreme Court.

As he so concedes, Cornejo-Buezo's argument that the presumption of reasonableness should not apply to his sentence because § 2L1.2 lacks empirical support has been rejected by this court.  S*ee United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009) (rejecting the notion that this court should examine the empirical basis behind each Guideline before applying the presumption of reasonableness); *see also Mondragon-Santiago*, 564 F.3d at 366-67.  His argument that his guidelines range was greater than necessary to meet § 3553(a)'s goals as a result of "double counting" is unavailing.  The Guidelines provide for consideration of a prior conviction for both criminal history and the § 2L1.2 enhancement.  *See* § 2L1.2, comment. (n.6).  We have also rejected the argument that such double-counting necessarily renders a sentence

2

unreasonable. *See Duarte*, 569 F.3d at 529-31. We have previously rejected the argument that illegal reentry is merely a trespass offense that is treated too harshly under § 2L1.2. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court heard the arguments of Cornejo-Buezo's counsel concerning his reasons for reentering the United States before imposing a sentence within the advisory guideline range. The district court considered Cornejo-Buezo's personal history and characteristics and the other statutory sentencing factors in § 3553(a), in particular Cornejo-Buezo's criminal history of assault offenses, prior to imposing a sentence within the Guidelines. The within-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Cornejo-Buezo's argument concerning his benign motive for reentry for economic reasons fails to rebut that presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Cornejo-Buezo has not shown that the district court's imposition of a within-guidelines sentence of 54 months constituted plain error. *See Peltier*, 505 F.3d at 391-92. Accordingly, the judgment of the district court is AFFIRMED.